## DAMNMAN BROTHERS & COMPANY *vs.* ARMSTRONG.

[Blandford, J., did not preside, on account of providential cause.]

A motion for new trial was made during the term when the case was heard; a consent .order was taken allowing a certain time to file an approved brief of the testimony, and postponing the hearing of the motion until such time in vacation as the judge should appoint, of which he should give notice to the parties. The brief was approved and filed within the time prescribed, and nothing further was done until after the adjournment of the next term of court, when a time for the hearing was appointed; the motion was submitted without argument, and was refused by the judge, on the ground that the order for hearing it expired with the adjournment of the last term of court:

*Held*, that this was error. On the failure of the judge to appoint a time for the hearing, the motion stood over for a hearing at the next term of court, and was in the situation of any other motion not reached during the term, it not appearing that the failure to hear it was caused by any *laches* of the movant. 63 *Ga.*, 541; 69 *Id.*, 748.

Judgment reversed.

April 2, 1885.

HALL, Justice.

---

## · PARKER *vs.* THE STATE OF GEORGIA.

1. A showing for a continuance based on the absence of a witness should show what was expected to be proved by such witness, in order that the court might judge of its competency and materiality. Code, §3522.

2. Newly discovered evidence which was cumulative, and would have been admissible only to impeach the character of the state's witnesses, will not authorize the grant of a new trial. Code, §3716.

3. If the jury believed the account given by the state's witnesses, there was ample evidence to require their finding; and the verdict having been approved by the presiding judge, this court will not interfere.

Judgment affirmed.

April 2, 1885.

HALL, Justice.